### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRO RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 6672 |
| | ) | |
| CITY OF CHICAGO, and CHICAGO | ) | JUDGE ST. EVE |
| POLICE OFFICERS H. FUENTES, | ) | |
| Star # 11396, P GURSKIS, Star # 14029, | ) | MAGISTRATE JUDGE DENLOW |
| J. REYES, Star # 19831, J. SULLIVAN, | ) | |
| Star # 8020, | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

### SECOND AMENDED COMPLAINT

NOW COMES the plaintiff, ALEJANDRO RODRIGUEZ, through one of his attorneys, Jared S. Kosoglad, Jared S. Kosoglad, P.C. and complaining of the defendants CITY OF CHICAGO, and CHICAGO POLICE OFFICERS H. FUENTES, Star # 11396, P. GURSKIS, Star # 14029, J. REYES, Star # 19831, and J. SULLIVAN, Star # 8020, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

## PARTIES

3. Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

4. Defendants, CHICAGO POLICE OFFICERS H. FUENTES, Star # 11396, P. GURSKIS, Star # 14029, J. REYES, Star # 19831, and J. SULLIVAN, Star # 8020, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

## FACTS

6. On August 1, 2008, Plaintiff Alejandro Rodriguez drove his vehicle in Chicago, Cook County, IL.

7. Alejandro Rodriguez was attacked by several people, left his vehicle, ran to a phone, and called for emergency services.

8. Alejandro returned to the scene of the attack and found officers with two of the offenders in custody.

9. Defendant officers, without any legal basis, arrested Mr. Rodriguez on false charges for which the defendant officers knew there was no probable cause.

10. Defendant officers searched and seized Mr. Rodriguez' property without any lawful basis.

11. Defendant officers use an unreasonable, unjustifiable, and excessive amount of force against plaintiff.

12. Defendant officers suffered no injuries as a consequence of the incident with Mr. Rodriguez.

13. On August 1, 2008, Defendants conspired and agreed amongst themselves to illegally arrest Alejandro Rodriguez.

15. In furtherance of this conspiracy, Defendants filled out and filed false and incomplete police reports relative to plaintiff's arrest and charged plaintiff with crimes they knew he did not commit.

16. The case against Alejandro Rodriguez was dismissed in a manner indicative of his innocence.

17. As a direct and proximate result of the malicious actions of the co-conspirators, Plaintiff was injured, including loss of freedom, invasion of privacy, humiliation, pain, suffering, the deprivation of constitutional rights and dignity, lost time, lost wages, physical injuries, and extreme emotional distress.

**Count I**

**Against Officer Defendants for Section 1983 Fourth Amendment Violations —Illegal Search and Seizures**

1-17. Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

18. The searches and seizures of the plaintiff's person and property performed willfully and wantonly by the Officer Defendants, as detailed above, individually and in conspiracy with each other, were in violation of plaintiff's right to be free of unreasonable searches and seizures

3

under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

19.     As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property.  In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

**Count II**

**By Plaintiff Against Officer Defendants for Section 1983 Fourth Amendment Violations —**

**False Imprisonment**

1-17.    Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

18.     The actions of the individual defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiff without probable cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

19.     As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, and the loss of his liberty for a long period of time.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the

individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

**Count III**

**42 U.S.C. Section 1983 — Excessive Force**

1-17.   Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

18.   The actions of the Officer Defendants constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

23.   As a proximate result of the above-detailed actions of defendants, Plaintiff was injured, including his severe pain, mental suffering, anguish and humiliation, panic and anxiety attacks, and fear.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count IV

### 745 ILCS 10/9-102

1-17. Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

18. Defendant City of Chicago is the employer of Defendants Fuentes, Gurskis, Reyes, and Sullivan.

19. Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendants be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## Count V

### Malicious Prosecution — State Claim By Plaintiff Against City and Officers

1-17. Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

18. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

19. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

20. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage

to his reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count VI

**Intentional Infliction of Emotional Distress By Plaintiff Against City and Officers**

1-17. Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

18. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

19. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

20. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system.

21. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND

DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

                              Respectfully submitted,

                              ALEJANDRO RODRIGUEZ

                        /s       Jared S. Kosoglad
By:                Plaintiffs' Attorney

PLAINTIFF DEMANDS TRIAL BY JURY.

Jared S. Kosoglad
Jared S. Kosoglad, P.C.
120 N. Green Street, Suite 3-G
Chicago, IL 60607
312-513-6000

8